IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03363-BNB

RONALD J. NAGIM,

    Plaintiff,

v.

SUNCOR ENERGY, CORP.,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Ronald J. Nagim, currently resides in Aurora, Colorado. Mr. Nagim, acting *pro se*, initiated this action by filing a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. On January 4, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Nagim to file his claims on a Court-approved form and to show cause why the § 1915 Motion should not be denied.

On January 9, 2012, Mr. Nagim filed a Motion to Appeal, in which he challenges Magistrate Judge Boyd N. Boland's January 4 Order to Show Cause. The Motion to Appeal was construed in part as a motion to recuse filed pursuant to 28 U.S.C. § 455(a) and in part as an objection filed pursuant to 28 U.S.C. § 636(b)(1)(A). Magistrate Judge Boland denied the motion to recuse, and this Court overruled Mr. Nagim's objections to the January 4 Order. Mr. Nagim subsequently responded to the January 4 Order to Show Cause and filed his complaint on a Court-approved form.

Based on the January 4 Response, Magistrate Judge Boland granted Mr. Nagim leave to proceed pursuant to § 1915. Magistrate Judge Boland also, after reviewing the

Complaint, instructed Mr. Nagim to file an Amended Complaint that complied with Fed. R. Civ. P. 8. Mr. Nagim had failed to set forth a short and plain statement citing the proper statutory authority for his Complaint.

On March 5, 2012, Mr. Nagim filed a Title VII Amended Complaint against Suncor. The Court must construe the action and Amended Complaint liberally because Mr. Nagim is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The Court will dismiss this action for the following reasons.

The claims Mr. Nagim asserts in this action were raised in and dismissed by Chief Judge Wiley Y. Daniel in *Nagim v. Walker, et al.*, No. 10-cv-02973-WYD-KLM (D. Colo. Jan. 4, 2012) (unpublished), pursuant to Mr. Nagim's request that the action be dismissed with prejudice. *Nagim*, No. 10-cv-02973 at Doc. No. 105. "A voluntary dismissal with prejudice operates as a final adjudication on the merits," *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) (quoting *Warfield v. AlliedSIgnal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001)), and is thus a "final judgment," *Schmier*, 569 F.3d at 1242 (quoting *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987)). The Defendant in this action, however, is different from the defendants Mr. Nagim named in Case No. 10-cv-02973.

The Court may raise subject matter jurisdiction *sua sponte* at any time during the course of the proceedings, *see McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). The Court also must first address subject matter jurisdiction before addressing any claim preclusion issue, *see In re Franklin Savings Corp., Inc.*,

385 F.3d 1279, 1286 (10th Cir. 2004).

Under Title VII of the Civil Rights Act of 1964, the exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action in federal court.  *See Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert denied*, 520 U.S. 1115 (1997); *see also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1325 (10th Cir. 2002) (noting that "a failure to file an administrative charge at all . . . is a jurisdictional bar") (citing *Jones*, 91 F.3d at 1399 n.1).  The failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal and requires dismissal.  *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

"The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction."  *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).  Mr. Nagim acknowledges that he has not filed an administrative Title VII charge.  He contends that he contacted the Equal Employment Opportunity Commission (EEOC) and was told he could proceed with a lawsuit without filing a charge with the Commission if he believed there was sufficient evidence to prove his case.  Am. Compl., Doc. No. 12, at 4.  Mr. Nagim further claims that the EEOC advertises it is not necessary to file a charge with the Commission.

Mr. Nagim's argument lacks merit.  The EEOC's website, http://www.eeoc.gov/employees/lawsuit.cfm, instructs individuals that prior to filing a lawsuit alleging discrimination they **must** file a charge with one of the EEOC field offices and receive a Notice-of-Right-to-Sue before filing a lawsuit.  The website discusses exceptions to this procedure.  None of the exceptions apply to Mr. Nagim.  Also, nothing under 42 U.S.C. § 2000e provides for Mr. Nagim to forego filing a charge with the

3

EEOC prior to pursuing his Title VII claims in this Court. The action clearly lacks subject matter jurisdiction. The Court, therefore, will refrain from addressing any issue preclusion or the merits of the Title VII claims.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Nagim files a notice of appeal he must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that Mr. Nagim's Motion to Amend, Doc. No. 13, is denied as unnecessary. It is

FURTHER ORDERED that Defendant's Motion to Dismiss and for Attorney's Fees, Doc. No. 16, is denied as moot.

DATED at Denver, Colorado, this  27th  day of    April         , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Judge
UNITED STATES DISTRICT COURT