IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03363-LTB

RONALD J. NAGIM,

    Plaintiff,

v.

SUNCOR ENERGY CORP.,

    Defendant.

---

ORDER DENYING MOTION TO RECONSIDER

---

The matter before the Court is the "Motion for Relief Under Fed. R. Civ. P. 59(e)" that Plaintiff, Ronald J. Nagim, filed through counsel on May 21, 2012. Mr. Nagim currently resides in Aurora, Colorado. Defendant is a citizen of the State of Colorado. For the reasons stated below, the Court will deny the Motion.

The Court dismissed the Complaint and action pursuant to Fed. R. Civ. P. 12(h)(3). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The instant

Motion was filed on May 21, 2012.  The Court will consider Mr. Nagim's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Order of Dismissal and Judgment were entered in this action on April 27, 2012.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).  On consideration of the Motion and the entire file, the Court concludes, based on the following findings, that Mr. Nagim fails to demonstrate some reason why the Court should alter or amend the April 27 Order of Dismissal and Judgment in this action.

Mr. Nagim is not pursuing his Title VII claim at this time or the Court's determination that it lacks subject matter jurisdiction to consider the Title VII claim.  Mr. Nagim, however, argues that the Court failed to address his claim that Defendant violated a contractual obligation to process his harassment complaint and wrongfully terminated him.  In support of this claim, Mr. Nagim relies on state law.  Again, the Court finds a lack of subject matter jurisdiction to consider Mr. Nagim's claim.

Mr. Nagim appears to argue that this Court should consider the state law contractual obligation and wrongful termination claims based on pendent jurisdiction.

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 18 U.S.C. § 1367(c); *see also Carlsbad Tech., Inc. V. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ( A district court has discretionary authority not to exercise supplemental jurisdiction over any remaining claims once the court has dismissed the original jurisdiction claims.) Therefore, this Court has exercised its discretionary authority and opted not to address the state law claims Mr. Nagim raises. Based on these findings, the Court does not find justification for reinstating the action. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Mr. Nagim's Motion for Relief Under Fed. R. Civ. P. 59(e), Doc. No. 25, filed on May 21, 2012, is denied.

DATED at Denver, Colorado, this  29th  day of   May  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Judge
United States District Court